UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIA CLARK )<br>and )<br>EBONI GOVAN )<br>)<br>    Plaintiffs, )<br>)<br>v, )<br>)<br>THE DISTRICT OF COLUMBIA )<br>)<br>    Defendant ) <br>_____) | Civil Action No. 06-0007 (ESH) |

**DEFENDANT'S UNOPPOSED MOTION TO VACATE DEFAULT AND TO ENLARGE THE TIME WITHIN WHICH DEFENDANT MAY RESPOND TO THE COMPLAINT**

NOW COMES Defendant, by and through counsel, the Attorney General of the District of Columbia, and moves this Court to vacate the default entered against defendant District of Columbia and to enlarge the time within which defendant may respond to the complaint. The reasons for this request are set-forth in the accompanying memorandum in support of this motion, which is incorporated herein by reference.

Plaintiffs' counsel was contacted pursuant to Local Rule 7.1(m) and has stated that plaintiffs take no position on this motion, do not intend to file an opposition, but do not affirmatively oppose or consent to the instant motion.

WHEREFORE, defendant requests that the Court vacate the Clerks order of default entered February 14, 2006 and enlarge the time within which the District may respond to the complaint to and including March 1, 2006.

Respectfully submitted,


ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia


GEORGE C. VALANTINE
Deputy Attorney General
For Civil Litigation


/s/ Robert C. Utiger
ROBERT C. UTIGER [437130]
Senior Counsel to the Deputy
For Civil Litigation
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIA CLARK<br>and<br>EBONI GOVAN<br><br>    Plaintiffs,<br><br>    v,<br><br>THE DISTRICT OF COLUMBIA<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-0007 (ESH) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
VACATE DEFAULT AND TO ENLARGE THE TIME WITHIN WHICH
DEFENDANT MAY RESPOND TO THE COMPLAINT**

**Background**

Plaintiffs seek money damages under various theories arising under Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991 as well as common law tort claims. On January 13, 2006, plaintiffs served the designated representative of the Mayor of the District of Columbia with the summons and complaint in this matter.[1] A response to the complaint was due by Feb 7, 2006. Due to excusable neglect a response to the complaint was not timely filed. On February 14, 2006 plaintiffs applied to the Clerk of the Court for entry of default, which the Clerk entered the same day. For the reasons set forth below defendants respectfully request that the Court vacate the Clerk's Entry of Default and enlarge the time within which the District may respond to the complaint to and including March 1, 2006.

---

[1] Plaintiffs also served the Office of the Attorney General of the District of Columbia on January 18, 2006.

ARGUMENT

Rule 55(c) of the federal rules of civil Procedure permits this Court to set aside an "entry of default" upon a showing of "good cause."  It is long settled that Fed.R.Civ.P. 55(c) should be given a liberal construction. *Barber v. Turberville,* 218 F.2d 34, 36 (D.C.Cir. 1954); *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969); *Consolidated Gas & Equipment Co. v. Carver,* 257 F.2d 111, 114-115 (10th Cir. 1958)  Any doubts as to whether relief should be granted from a default are to be resolved in favor of granting such relief.  *Tolson* at 130.  As this Court has held, "[I]n deciding whether to set aside a default or default judgment the record must be construed in the light most favorable to the moving party." *Asia N.A.M. Eastbound Rate Agreement v. BJI Industries Inc.,* 900 F. Supp. 507, 511 (D.D.C. 1995) *supplemented on other gds.,* 923 F.Supp. 4 (D.D.C. 1996), *citing Jackson v. Beech*, 636 F.2d 831 (D.C.Cir 1980).  This is in keeping with the "judicial preference for adjudication on the merits." *Oberstar v Federal Deposit Insurance Corp.,* 987 F.2d 494, 504 (8th Cir. 1993).  *See also, Asia N.A.M.,* 900 F.Supp. at 510.

**The Defendants Have Meritorious Defenses**

A motion to vacate a default must demonstrate that there is a meritorious defense to the complaint. *E.g., Berthelson v. Kane*, 907 F.2d 617, 620-21 (6th Cir. 1990) As this Circuit has held, "[d]efendants allegations are meritorious if they contain even a "hint of a suggestion" that it has a complete defense. *Keegle v. Key West & Caribbean Trading Co., Inc.,* 627 F2d 372, 374 (D.C.Cir. 1980). As this Court has held, "[e]ven broad and

4

conclusory allegations are sufficient to meet the meritorious defense criterion" *Asia N.A.M* at 511.

Here, plaintiffs' complaint alleges sweeping allegations that plaintiffs were discriminated against and subjected to a hostile working environment based on race and that the District retaliated against plaintiffs' when they complained about this alleged treatment.  The District has a complete defense to plaintiffs' claims in that it denies the factual allegations of discrimination and retaliation.

## Failure To Timely Answer

Defendant acknowledges that it failed to timely answer the complaint and apologizes to the Court and plaintiffs and their counsel for this error.  That said, the defendants error was the result of excusable neglect.  The plaintiffs in this action are attorneys' within the Office of the Attorney General of the District of Columbia and the allegations set forth in the complaint involve the actions of senior management in this office.  Accordingly, this office determined to seek out-side counsel to represent the District in this matter.  Unfortunately, as a result of this decision, this matter was not assigned to an attorney to defend nor entered into the office's computerized case tracking system.  The result being that the date by which a response to the complaint was due was not properly calendared.  In addition, because of confusion in the contracting process, out-side counsel was not timely retained to defend the District in this matter.  While regrettable, these errors were not willful and plaintiffs have not been prejudiced by this brief delay nor will they be prejudiced by granting the relief sought in this motion.

## Conclusion

For the reasons set-forth above, and in accordance with the strong judicial preference for resolution of legal disputes on the merits, the Defendant requests that the Clerk's default in this case be vacated and that the District's time to respond to the complaint be enlarged to and including March 1, 2006.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALANTINE
Deputy Attorney General
For Civil Litigation

/s/ Robert C. Utiger________
ROBERT C. UTIGER [437130]
Senior Counsel to the Deputy
For Civil Litigation
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532