UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIA CLARK, ET AL.                    CIVIL ACTION NO. 06-00007-ESH
      PLAINTIFFS

v.

DISTRICT OF COLUMBIA
      DEFENDANT

ANSWER OF DEFENDANT

Defendant, through the undersigned counsel, hereby answers the complaint herein as follows:

FIRST DEFENSE

The complaint fails to state a claim against this defendant upon which relief may be granted.

SECOND DEFENSE

In response to the numbered paragraphs of the complaint, defendant states as follows:

1. The allegations contained in paragraph 1 of the complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. Admit the first sentence of paragraph 2 except the received date of the letter, which defendant does not have sufficient information to admit or deny. The remaining allegations contained in paragraph 2 of the complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

3. Admit the first sentence of paragraph 3 except the received date of the letter, which defendant does not have sufficient information to admit or deny. The remaining allegations contained in paragraph 2 of the complaint state conclusions of law to which no response is required. To the

extent a response is required, the allegations are denied.

4. The allegations contained in paragraph 4 of the complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations contained in paragraph 5 of the complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6. Admit that plaintiffs have been employed in Washington, DC by defendant. Deny any defendant known as "Williams" since the District of Columbia is the only defendant listed in the complaint caption and served.

7. Admitted

8. Admitted

9. Admitted

10. Admitted

11. The first two sentences of paragraph 11 are denied. Defendant does not have sufficient information to admit or deny the allegations in the third sentence of paragraph 11.

12. Admitted

13. Denied

14. Admitted

15. Denied

16. Admit the third sentence of paragraph 16 through the word "sanctions"; deny the remainder of paragraph 16.

17. Denied

18. Denied

19. Denied

20. Denied

21. Denied

22. Denied

23. Denied except to admit the first and second sentences of paragraph 23 of the complaint except the phrase "modest flexibility" in the second sentence.

24. Deny the third sentence of paragraph 24; admit the first and second sentences.

25. Denied

26. Deny the first sentence of paragraph 26. Defendant is without sufficient information to admit or deny the remainder of paragraph 26 of the complaint.

27. Admit

28. Denied except the first sentence, which defendant does not have sufficient information to admit or deny.

29. Denied except the first sentence, which defendant does not have sufficient information to admit or deny.

30. Denied

31. Denied as to first sentence; defendant does not have sufficient information to admit or deny the second sentence.

32. Denied

33. Denied

34. Denied

35. Denied

36. Admit first sentence and that Mr. Hailey advised the complaining attorneys that their complaints would be investigated and that appropriate action would be taken. Deny remainder of paragraph 36.

37. Admitted but state further that the investigation took more than six months.

38. Admit first sentence but state further that Ms. Harvey was removed from her position at her request and that her removal had nothing to do with her investigation of plaintiffs' complaints. The second sentence of paragraph 38 is denied.

39. Admit first sentence of paragraph 39 of the complaint; deny remainder of paragraph 39.

40. Denied

41. Admit first sentence but state further that the request was by electronic mail message to Ms. Henrikson and others. With respect to the second sentence of the complaint, defendant states that the initial non-renewal of Ms. Clark's term appointment was reversed by a September 8, 2005 letter from the Mr. Spagnoletti renewing Ms. Clark's appointment for another 13 months. Deny the remainder of paragraph 41.

42. Denied

43. Defendant does not have sufficient information or knowledge to admit or deny the allegations in paragraph 43 except for the transfer destination, and  the last sentence, which are admitted.

44. The first, second and fourth sentences of paragraph 44 are denied.  Defendant admits the third sentence but states further that Ms. Clark was not entitled to any appointment other than a term appointment.

45. Defendant denies the allegations in paragraph 45 of the complaint except to admit that

the September 8, 2005 letter from Mr. Spagnoletti to Ms. Clark contained justified constructive criticisms of her work and advice for the future and that Mr. Spagnoletti had not reviewed Ms. Clark's work but relied on the evaluations of her work by her direct supervisors.

46.  Defendant repeats and realleges paragraphs 1 through 47 of its answer.

47. Denied

48. Defendant repeats and realleges paragraphs 1 through 47 of its answer.

49. Denied

50. Denied

51.  Defendant repeats and realleges paragraphs 1 through 50 of its answer.

52. Denied

53. Denied

54.  Defendant repeats and realleges paragraphs 1 through 53 of its answer.

55. Denied

56. Denied

57.  Defendant repeats and realleges paragraphs 1 through 56 of its answer.

58. Denied

59. Denied

60.  Defendant does not have sufficient information or knowledge to admit or deny the allegations in paragraph 60.

61. Defendant does not have sufficient information or knowledge to admit or deny the allegations in paragraph 61.

ADDITIONAL DEFENSES

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, waiver, unclean hands, failure to mitigate damages, the statute of limitations, failure to exhaust administrative remedies  or any other legal or equitable defense found to be factually merited during the course of litigation of this matter.

Wherefore, defendant  respectfully requests that the complaint be dismissed with prejudice and that attorney's fees and costs and such other and further relief as the court deems appropriate be awarded to defendant.

_____/s/_____March 1, 2006

Joel P. Bennett, Bar no. 145227
Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, DC 20007-3239
202-625-1970-voice
202-625-1973-fax
jbennett@radix.net
Attorney for Defendant