**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| TIA CLARK, et al, | \| |
|     PLAINTIFFS, | \| |
|         v. | \| CIVIL ACTION NO.1:06CV00007 |
| DISTRICT OF COLUMBIA, | \| |
|     DEFENDANT. | \| |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Notice is hereby given that the parties have conducted the meeting required by Local Civil Rule 16.3. Pursuant to the rules of this Court, counsel submit this report reflecting their discussions. A proposed Scheduling Order incorporating the parties' suggestions is attached.

1. <u>Dispositive Motions</u>: The defendant believes that this action can be resolved by dispositive motion following discovery. The plaintiffs do not believe that this action can be resolved by dispositive motion following discovery.

2. <u>Amended Pleadings/Joinder of Parties/Narrowing of Issues</u>: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings at this time. The parties have not identified any legal or factual issues which may be agreed upon or narrowed at this time.

3. <u>Assignment To Magistrate Judge</u>: Except as stated below (concerning referral to a Magistrate Judge for possible mediation) the parties will not consent to assignment to a Magistrate Judge for all purposes including trial.

    4.    <u>Settlement Possibility</u>:  The parties will keep the lines of communications open to the possibility of settlement. If the parties believe that the assistance of a United States Magistrate Judge will aid in settlement, the parties will contact the court and ask for a referral to a United States Magistrate Judge.

    5.    <u>Alternative Dispute Resolution Procedures</u>:  The parties do not believe that formal Alternative Dispute Resolution Procedures are necessary at this time.  As discussed above, if the parties believe that there would be a benefit from a referral to a United States Magistrate Judge, the parties will contact the court about a referral.

    6.    <u>Dispositive Motion Schedule</u>:  The parties agree that any dispositive motion should be filed within 45 days of the conclusion of discovery; that any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 15 days of the filing of the opposition.

    7.    <u>Initial Disclosures</u>:  The parties agree that initial disclosures should be waived in this case.

    8.    <u>Discovery</u>: The parties contemplate that they will need 5 months to complete discovery from the entry of the scheduling order.  The parties anticipate that a protective order may need to be entered prior to the production of documents in this case and the parties will attempt to prepare a stipulation to that effect for the court's approval at the appropriate time.

    9.    <u>Experts</u>:  The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  The parties believe that plaintiffs should make their Rule 26(a)(2) disclosures to defendant on or before 60 days from the conclusion of discovery and that defendant shall make its Rule 26(a)(2) disclosures to plaintiffs on or before 30 days from the conclusion of discovery.  Depositions of experts may occur within 60 days prior to trial.

- 3 -

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not now see any need for bifurcation of this case.

12. <u>Proposed Date For The Pretrial Conference</u>:  The parties agree that a pretrial conference should not be scheduled until the Court has decided the parties' dispositive motions. If no dispositive motions are filed, the parties request that the pre-trial conference be set within 120 days after the close of discovery to permit the opportunity of settlement negotiations.

13. <u>Trial Date</u>:  The parties agree that a trial date should be set at the pretrial conference.

14. <u>Other matters</u>:  None.

Dated: March 14, 2006.                                                  Respectfully submitted,


_____                    _____
Richard Semsker DC Bar No 413886              Joel P. Bennett D.C. Bar No. 145227
LIPPMAN, SEMSKER &, SALB, LLC                 Law Offices of Joel P. Bennett. P.C.
7700 Old Georgetown Rd, Suite 500             1208 Eton Court, N.W.
Bethesda, Maryland 20814                      Washington, D.C. 20007
(301) 656- 6905                               (202) 625-1970
Counsel for Plaintiff                         Counsel for Defendant