UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIA CLARK, ET AL.             CIVIL ACTION NO. 06-00007-ESH
    PLAINTIFFS

v.

District of Columbia
    DEFENDANT

## CONSENT PROTECTIVE ORDER

This matter is before the Court for entry of a Protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure. Plaintiffs have requested documents in discovery concerning the defendant's internal personnel matters and confidential documents dealing with employees of the defendant.

Defendant objects to producing these documents without a protective order to preserve the confidentiality of information protected from disclosure by the Americans with Disabilities Act and Health Insurance Portability and Accountability Act and by any applicable privileges, common law and other privileges concerning employee privacy.

The parties have therefore agreed to the entry of this Protective Order to resolve this issue.

WHEREFORE, it is hereby ordered that:

1. The Defendant may disclose information and documents that it believes are protected by any applicable privilege or are confidential personnel information.

2. Such confidential documents and information may only be used, disseminated, copied or disclosed as indicated in this order.

3. For the purposes of this order, consistent with civil rule 26(a), "confidential" shall be

defined as prohibiting the use and/or further disclosure of the subject documents for any purpose other than the litigation, discovery, trial, settlement and/or appeal of this action.

    4.   The confidential documents and information may only be disclosed to the following persons:

       a.   The parties and counsel of record and employees of such counsel who are assisting said counsel in the preparation of this action.

       b.   Persons specifically consulted by counsel of record to assist in the preparation or trial of this matter, but only if such persons need the confidential documents or information therefrom to render such assistance.

       c.   Any deposition or trial witness or potential deposition or trial witness if it is necessary to tender such witness a confidential document or information to elicit testimony or information relevant to the matters at issue in this action.

    5.   Persons within the scope of subparagraphs 4.b. and 4.c. may not retain copies of confidential documents or the information therefrom, and such persons must return all confidential documents to counsel of record who provided such documents or information to them when their participation in the case is ended or their need to have such documents and information ends, whichever comes first.

    6.   Counsel for plaintiffs will be responsible for informing any person to whom he disseminates the confidential documents or information that such is confidential, that such may not be used in any manner except for the prosecution of this action, and that such must be returned when the case is ended or their need to have such documents and information ends, whichever comes first.

    7.   Nothing in this Order waives any objection to discovery.

8. Nothing herein shall limit a party's or its counsel's use of its own documents.

9. The parties shall confer among themselves concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. However, in the Pre-trial Order, counsel for the parties shall designate the exhibits they assert are confidential. Thereafter, the designating party may apply to the Court for an appropriate order as to the condition under which the designated exhibit may be used in connection with the trial.

10. *Documents subject to this protective order will be filed with the Court under seal.* In the event that any confidential document or information is used in any court proceeding in this action, it shall not lose its confidential status under this Order through such use, its use shall continue to be subject to the provisions of the order that are not inconsistent with other orders by the Court regarding their use at trial, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

11. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of confidential documents and information therefrom shall continue to be binding on all persons entitled to access under the terms of this Order, and the plaintiffs shall deliver to defendant all confidential documents and all copies, summaries, extracts and notes thereof whether in its possession, possession of its counsel, or possession of any employees or persons retained by the plaintiff to whom such documents or information was provided, *or, in the alternative* counsel for plaintiff shall represent in writing to counsel for defendant that all confidential

documents and information and all copies, summaries, extracts, and notes therefrom have been destroyed.

    12. Upon conclusion of this action, the clerk of court may return to counsel, or destroy any sealed material at the end of the litigation.

CONSENTED TO BY:
    /s/

Joel P. Bennett, D.C. Bar no. 145227
Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, DC 20007-3239
202-625-1970-voice
202-625-1973-fax
jbennett@radix.net
Attorney for Defendant

    /s/
Richard H. Semsker, D.C. Bar no. 413886
Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, suite 500
Bethesda, MD 20814
301-656-6905
Counsel for Plaintiffs

    **IT IS SO ORDERED: this _____ day of _____, 2006.**

    _____
    Ellen Segal Huvelle
    U.S. District Judge